The next case on the calendar is Williams v. Newburg. Good morning, Your Honor, how are you? Good morning. My name is Mr. William Michael Williams. I'm representing myself seeking damages for the City of Newburg. On February of 2014, I was diagnosed with Hodgkin's lymphoma cancer stage 3. My doctor gave me a note to be out of work for six months to do chemotherapy. She gave me another note to be out another additional time for September. And on October of 2011, I received a letter from Newburg that my job has ended and that I have no more medical benefits. I'm just seeking damage. I think I was wrongfully terminated. I think I was discriminated against because of my cancer because they wouldn't give me my job back. They manipulated me to sign a retirement letter in order to cover up. I'm just suggesting that the cover-up, the mistake that they made by terminating me, they terminated me with no benefits. I had no benefits. The only way I got through my chemotherapy was with my wife's benefits. You worked for the Board of Education for 14 years. Yes, ma'am. I did. Yes, ma'am. So the argument below was that when you came back after your medical treatment and you came back in 2014, they would not rehire you and that you had applied for a number of positions. Yes, ma'am. I did. And they said below that the reason they didn't rehire you was they had a policy of preferring people who were working for them then as substitutes or part-time employees. So what evidence, what is your basis for saying, no, that's not the real reason? The real reason is they were discriminating against me based on my cancer, my disability. Well, to answer that question, the hiring by the substitution is also based on experience. And by me working there 14 years, I had 14 years of experience. I mean, why should I, you know, why should there not be consideration for a job? And I don't think I should have been asked to be rehired and go through the processes when I was already working there and they illegally terminated me. Why should I be offered to work again? Are you working on a part-time basis now? Yes, ma'am, I am. For them or for somebody else? I work for Valley Central School District. Appreciate it. Thank you. We will hear from the other side. May it please the Court. Gerald Smith for the appellees. I think, as Your Honor started to point out, the claim before the district court was based upon these hiring decisions that were made in 2014. And in the record, the district put forth a legitimate nondiscriminatory reason for those decisions. There was a policy or a practice in place at the time, and it had been in place for many, many years prior to give preference to current employees who were then applying for lateral transfers or for full-time positions. And as was set forth in the record before the district court, in each instance in which Mr. Williams applied for a position in 2014, in fact, a current employee was hired for that position. So there's no disputing that the policy was in place, and there's no dispute in the record that the policy was followed in each instance. There's no evidence the policy was not written down in any place. That's right. It was not written down. It was not. It was a practice that was followed. There's no evidence to suggest that it was never not followed, and I think the district court was correct in discounting the lack of a written policy. You know, the district court's decision was quite clear that courts in this circuit have found that as long as you can prove that it is, in fact, a real practice, it's not something that was manufactured after the fact, the lack of writing is not dispositive of anything. And in this case, the only evidence in the record regarding hiring decisions shows that they were all made consistent with this practice. Were former employees treated as, in effect, people who had already been in the system? In other words, Mr. Williams' situation is one where he has experience with the district and in many ways would have been a current employee but for his unfortunate illness. Well, that's correct, Your Honor. At the time Mr. Williams applied for these positions, he was officially retired. So he was not a current employee, not even a member of the bargaining unit. With regard to the issue of experience, and this was brought up as a criticism of the policy in the papers before the district court, the driving force behind the practice was to give preference to current employees. Now, one of the rationales for that practice was that current employees generally have the level of experience that the district is looking for. But it really was a preference for a current employee, not a preference for the most experienced employee. And so there certainly could be in certain situations a criticism or even a finding that, well, that policy might lead you to miss out on the most experienced employee. But that wasn't the point of the practice. And ultimately, that criticism that maybe this practice is not in the best interest of the district, maybe they're not getting the most experienced employees, is certainly not evidence of discrimination. Right. But his experience was with the district. It was. And you're absolutely right, Your Honor. But the practice was he was not a current employee at the time he was retired. And so, again, it goes back to this idea that the practice was followed. And the practice might create blind spots or loopholes, and maybe that's what happened in this case. But there's certainly no evidence that the practice was implemented here in order to discriminate against an individual because of their disability. You're right. There might have been an argument by Mr. Williams that he was more experienced. I will note, and the district court did as well, that there was no evidence put forth by appellate or his counsel regarding the qualifications or experience of the individuals who were, in fact, hired for the positions. It's undisputed they were current employees. There's nothing in the record to let us to allow us to determine whether or not you could even measure that experience or qualification. That issue was never raised by the appellant in the district court, and I think it would have been the burden of the appellant to do so. Because if it's their burden to show that this policy was a pretext for discrimination, it's their burden then to show that the policy was either ad hoc or was inconsistently followed or somehow used as a mechanism to discriminate against appellant because of a disability. And there's no evidence in the record to show that. If Your Honors don't have any other questions, I'm happy to rest upon our papers. Thank you. Mr. Williams, would you like to — you have two minutes of additional time if you'd like to speak — say something else. We call it rebuttal. Yes, I appreciate it. Thank you. On the fact that I — he said — well, Newburgh City say I was retired. I went in, and they manipulated me into forcing a retirement, telling me that if I didn't retire, that I would lose my benefit. Me not knowing because I'm still basically, you know, competing with my chemotherapy, and I didn't know any of — because I never had cancer before. So I didn't know the rules and regulations, so they manipulated me, saying if I don't retire, I would lose my benefit. Not knowing on my paperwork, they had already terminated me and took all my benefits. And so — This is the conversation you had with Mr. Velez — Yes, yes, ma'am. — in 2012. Yes, ma'am. And I think he — he knew that I had cancer, and I think he figured that I would be at risk and that I would go out again. And that's my thing of — if they said I retired, they manipulated me into retiring and had me sign letters. And they also told me to file for disability, which I did. And then after I filed for disability, they told me — and when I started applying for the positions, they asked me to — that I had a disability case open with New York State that asked me to drop the disability claim, which I did. And they still denied me. So, Mr. Williams, we have your brief, and we have both sets of briefs, and we'll go look at them very carefully and review your case. Appreciate my time. Appreciate your time. Thank you very much. Thank you both. That's the last case to be argued on the calendar this morning. So I'll ask the clerk to adjourn court. Court is adjourned.